# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

WILLIAM J. MARTINI
    JUDGE

## LETTER OPINION

July 22, 2010

Keith O.D. Moses
Keith O.D. Moses PC
665 Newark Avenue
Suite 203
P.O. Box 8264
Jersey City, New Jersey 07306
    (*Attorney for Plaintiffs*)

David M. Kupfer
Carroll, McNulty & Kull, LLC
120 Mountain View Boulevard
P.O. Box 650
Basking Ridge, New Jersey 07920
    (*Attorney for Defendants Valley Forge Insurance Company and James White*)

    RE:    **American Corporate Society, et al. v. Valley Forge Insurance Company, et al.**
            **Civ. No. 09-5568 (WJM)**

Dear Counsel:

    This matter comes before the Court on the motion to dismiss filed by Defendants Valley Forge Insurance Company ("Valley Forge") and James White, pursuant to Federal Rule of Civil Procedure 12(b).  There was no oral argument. Fed. R. Civ. P. 78. For the reasons that follow, Defendants' motion to dismiss is **GRANTED**.

**I.      BACKGROUND**

Plaintiffs Max Antoine and American Corporate Society's ("ACS")[1] Complaint appears to arise out of an April 2009 "police raid" of ACS's office in Bloomfield, New Jersey.  Following this incident, Plaintiffs contacted ACS's property insurer, Defendant Valley Forge, to submit a claim under its insurance policy for property damage.  In the Complaint, Plaintiffs state that the office sustained damage after it was "physically left unsecured for three days" after the "raid." (Compl. ¶ 6.)

This request for benefits was referred by Defendant Valley Forge to one of its claims adjusters, Defendant James White, and after investigation, the claim was denied.  Defendant Valley Forge asserts in its motion to dismiss that the claim was denied since ACS's policy excluded claims for damage caused by "governmental action," which is defined as "[s]eizure or destruction of property by order of governmental authority." (Decl. of James P. White, Ex. A.)

Plaintiffs then filed a ten-count Complaint alleging breach of contract, discrimination, and various tort claims against Defendants Valley Forge Insurance Company, "CNA-Insurance Company," and James White in the Superior Court of New Jersey.  After timely removal of the Complaint to this Court,  Defendants Valley Forge and White filed the instant motion to dismiss.

**II.     DISCUSSION**

Defendants Valley Forge and White raise many bases upon which to dismiss the instant Complaint, which are discussed in depth below.

   A.     <u>Motion to Dismiss Standard</u>

In evaluating a motion to dismiss for failure to state a claim, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.  *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). All allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.,* 140 F.3d 478, 483 (3d Cir. 1998).  This assumption of truth is inapplicable, however, to legal conclusions couched as

---

[1]  While Plaintiff ACS originally appeared *pro se* in the action, counsel was retained following the filing of the motion to dismiss, obviating Defendants' valid objection that a corporation cannot appear *pro se*.

factual allegations or to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

Although a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Furthermore, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' ... it asks for more than a sheer possibility..." *Iqbal*, 129 S.Ct. at 1949 (2009).

  B. "CNA-Insurance" Not a Legal Entity Capable of Being Sued

As a threshold matter, Defendants Valley Forge and White assert that Plaintiffs cannot maintain a cause of action against Defendant "CNA-Insurance Company" because it is not a legal entity capable of being sued. Defendants represent that CNA-Insurance instead is a service mark under which Valley Forge does business. (Def.'s Br. 10.) Plaintiffs also concede as much in their briefing. *See* Pl.'s Br. 20 ("Plaintiffs' claims as to 'CNA' must survive because it is a legal and registered trademark owned and used by Valley Forge Insurance Company."). Since "[t]rade names are not jural persons and cannot sue or be sued," *see Frison v. Ryan Homes*, 2004 WL 3327904, at *3 (D.Md. Oct. 29, 2004), Defendant "CNA-Insurance" is dismissed from this action. In addition, all claims asserted against it are dismissed with prejudice.

  C. Rule 12(b)(2) – Lack of Personal Jurisdiction over Defendant White

Next, Defendant White moves for dismissal under Rule 12(b)(2), arguing lack of personal jurisdiction. To survive a 12(b)(2) motion to dismiss, plaintiff bears the burden of establishing the court's jurisdiction over the moving defendant. *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Here, Plaintiff argues that the Court has personal jurisdiction over Defendant White because White "is directly employed with Valley Forge as a vested regular employee, acting on behalf of his corporate employer." (Pl.'s Opp. Br. 7.) As a general rule, however, "jurisdiction over an employee does not automatically follow from jurisdiction over the corporation which employs him." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13 (1984). Each defendant's contacts with the forum State must be assessed individually. *Id.*

Plaintiffs here have not alleged any contact by Defendant White with the forum of New Jersey. Defendant White did not reside in New Jersey, did not visit here, did not own property here or even have any individual contact with the forum. *See* Decl. of James P. White ¶¶ 11, 12. Plaintiffs offer no affidavits or evidence in response. *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 67 n.9 (3d Cir. 1984) ("Once the [Rule 12(b)(2)] defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence."). As such, the Court cannot find that Plaintiffs have sustained their burden of proof on this issue. Defendant White's motion is granted and all counts against him dismissed.

D.  Rule 12(b)(6) – Antoine Has No Standing to Sue Under This Contract

The bulk of the claims brought against remaining Defendant Valley Forge are premised on Valley Forge's alleged breach of the insurance contract. *See* Pl.'s Supp. Reply Br. ¶ 15.) Valley Forge notes, however, in its opposition that Plaintiff Antoine is not a party to the insurance contract. Instead, the instant Valley Forge policy solely insures Plaintiff ACS. A non-party to a contract cannot seek its enforcement unless it "clearly appear[s] that the contract was made by the parties with the intention to benefit the third party" and that "the parties to the contract intended to confer upon [the third-party] the right to enforce it." *Town of Kearny v. N.J. Rail Carriers, LLC*, 2005 WL 2363101, at *3 (N.J. Super. Ct. App. Div. Sept. 28, 2005) (quoting *First Nat'l State Bank v. Carlyle House, Inc.*, 102 N.J. Super. 300, 322, 246 A.2d 22, 34 (N.J. Super. Ct. Ch. Div. 1968)). Antoine, however, points to nothing clearly establishing that the contract was made with the intention to benefit him as the third party. Accordingly, all claims based on the breach of the insurance contract as to Plaintiff Antoine should be dismissed – Counts Two, Three, Five, Six and Nine.

E.  Rule 12(b)(6) – Individual Claims

Even if Plaintiff Antoine had standing to recover under the insurance contract, all claims asserted by Plaintiffs Antoine still merit dismissal for failure to state a claim under Rule 12(b)(6). The same holds true for Plaintiff ACS.

1.  *Count Two[2] – Breach of Contract*

Accepting Plaintiffs' allegations as to the police raid and the property damage inflicted therefrom as true, Count Two fails to state a claim for breach of contract.

---

[2] There is no cause of action asserted in Count One. Instead, under Count One, Plaintiffs recount the background facts relevant to their claims.

Defendants submitted a copy of the insurance policy with their motion to dismiss,[3] and the Court may consider the policy when weighing the merits of the breach claim. After review of the policy, the language of the "Governmental Action" exclusion is clear and applicable to the instant facts. The exclusion states: "We will not pay for loss or damage caused directly or indirectly by any of the following. ... Seizure of destruction of property by order of governmental authority." (Decl. of James P. White Ex. A at ¶ B(1)(c).) Here, Plaintiff alleges in his Complaint that a "police raid" either directly caused damage to ACS's office or indirectly caused damage, since the office was "physically left unsecured" after the raid. (Compl. ¶ 6.) Whether this damage was directly or indirectly caused by the police, it is excluded under the plain language of the policy. As such, Plaintiff fails to assert a facially plausible claim for breach of contract.

  2. *Count Three – Violation of Good Faith and "Fair Finance Dealing"*

Count Three must be dismissed as well, since Plaintiffs plead no facts raising their claim to relief above a speculative level. Instead, Plaintiffs plead a legal conclusion – "Defendants on the other hand have failed at all times to act in good faith when rendering performance under the policy." (Compl. ¶ 17.) This is not enough to state a claim for breach of the covenant of good faith and fair dealing.

While each good faith and fair dealing claim is fact-sensitive, there are certain general requirements that routinely have been imposed by New Jersey courts on such claims. For example, "two elements appear to recur with some frequency: (1) the defendant acts in bad faith or with a malicious motive, (2) to deny the plaintiff some benefit of the bargain originally intended by the parties, even if that benefit was not an express provision of the contract." *Yapak, LLC v. Mass. Bay Ins. Co.*, Civ. No. 09-3370, 2009 WL 3366464, at *2 (D.N.J. Oct. 16, 2009) (citing *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 182 N.J. 210, 225, 864 A.2d 387 (2005); *Wilson v. Amerada Hess Corp.*, 168 N.J. 236, 251, 773 A.2d 1121 (2001)).

Having determined already that denial of Plaintiffs' claim pursuant to the "Governmental Action" exclusion was not a breach of the insurance contract, it does not appear that Defendants denied Plaintiffs the benefit of their bargain. There is no allegation that the parties intended for the insurance policy to cover a "police raid," nor could such an intention be inferred from the language of the policy. To the contrary, the

---

[3] As noted *supra*, the Court may consider certain documents apart from the Complaint when evaluating a motion to dismiss, including "undisputedly authentic documents if the plaintiff's claims are based upon those documents." *See Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Since Plaintiffs' claims are based on this insurance policy, it may be considered on the motion to dismiss.

5

policy entered into by Valley Forge and ACS clearly states that such destruction of property by order of a governmental authority was excluded from coverage. Accordingly, Count Three is dismissed.

> 3.  *Count Four – Violation of New Jersey Consumer Fraud Act and Common-Law Fraud*

Court Four likewise is dismissed on the same basis. To state a claim under the New Jersey Consumer Fraud Act, a plaintiff must allege three elements: (1) unlawful conduct by defendants; (2) an ascertainable loss; and, (3) a causal relationship between defendant's conduct and plaintiff's ascertainable loss. *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 557, 964 A.2d 741, 749 (2009). Here, Plaintiffs again appear to allege wrongful denial of ACS's insurance claim, this time under the guise of a fraud count. For the reasons discussed above, the damage alleged by Plaintiffs in their Complaint falls under a policy exclusion. Accordingly, Plaintiffs failed to allege that denial of ACS's claim was unlawful, and the Consumer Fraud Act claim is dismissed for failure to state a claim.

Further, there are no facts pled to support a common-law fraud claim. To set forth a fraud count, Plaintiffs must plead, *inter alia*, a misrepresentation by Defendant Valley Forge upon which Plaintiffs relied. *See, e.g. Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610, 691 A.2d 350, 367 (1997) (setting forth the elements of common-law fraud claim). Plaintiffs allege no such specific misrepresentations by Defendant Valley Forge. Instead, again, Plaintiffs protest the denial of their coverage claim. This denial does not, on its face, evince fraudulent misconduct by Valley Forge, particularly given the clear language of the policy exclusion. Having pled no misrepresentation or reliance, Plaintiffs' common-law fraud claim must be dismissed.

> 4.  *Count Five – "Recission of Contract That Was the Product of Fraud"*

Count Five likewise fails to state a claim. To the extent that Plaintiffs are alleging fraud in the inducement of the contract, there are no facts in the Complaint to support this. Plaintiffs have failed to allege any misrepresentations that induced them to enter into this insurance policy in the first instance. *See, e.g. Ginsberg v. Bistricer*, 2007 WL 987169, at *15 (N.J. Super. Ct. App. Div. Apr. 4, 2007) ("The elements of fraud in the inducement are: a misrepresentation of material fact; knowledge or belief by the defendant of its falsity; intent that the other party rely on the misrepresentation; and reasonable reliance thereon by the other party.") Further, if Plaintiffs seek rescission of the insurance contract based on the denial of benefits, this claim is duplicative of the breach of contract claim in Count Two. Under either reading, Count Five is dismissed.

5.  *Count Six – Negligent Hiring*

Plaintiffs' negligent hiring claim fails because Plaintiffs have not pled injury. *Di Cosala v. Kay*, 91 N.J. 159, 173-74, 450 A.2d 508, 516 (1982) (discussing the two elements of a negligent hiring claim and stating "[t]he second required showing is that, through the negligence of the employer in hiring the employee, the latter's incompetence, unfitness or dangerous characteristics proximately caused ... injury."). Plaintiff alleges that Valley Forge failed to use reasonable care in hiring Defendant White, and as a result of White's unfitness, White injured Plaintiffs by denying their insurance claim. Here, however, since the insurance contract specifically excluded Plaintiffs' claim, there is no showing of injury. As such, this claim is dismissed.

6.  *Count Seven – Malicious Prosecution*

Count Seven is dismissed for failure to establish the requisite elements of malicious prosecution. To set forth a malicious prosecution claim, Plaintiff must allege, among other elements, that Defendant Valley Forge initiated a criminal proceeding and that the alleged criminal proceeding ended in Plaintiffs' favor. *See Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003); *Lind v. Schmid*, 67 N.J. 255, 262, 337 A.2d 365, 368 (1975). Assuming the existence of these criminal proceedings, Plaintiff has not set forth that they ended in his favor. Further, while the count as pled is difficult to understand, it appears that the charges to which Plaintiffs refer were instituted by the Essex County Prosecutor's Office, not Valley Forge.

7.  *Count Eight – Personal Injuries*

Count Eight also is dismissed for failure to state a claim against Defendant Valley Forge. Plaintiffs allege "personal injuries" stemming from the police raid; however, Valley Forge is not alleged to have had any role in the raid. As such, this pleading fails to set forth a claim for relief that is plausible on its face.

8.  *Count Nine – "Claims of Discrimination"*

In Count Nine, Plaintiffs allege in conclusory fashion that their coverage claim was denied "on the basis of co-plaintiff's national origin, black race, color, gender, social class" and disability. (Compl, ¶ 43.) Plaintiffs assert no facts to support this allegation. With no facts pled in support, the Court cannot find that this claim rises above a speculative level. As such, this claim is dismissed.

9.  *Count Eleven – "Anti-Trust Law, Broad Defamation"*

Count Eleven is dismissed on two bases. First, Plaintiff has failed to allege a Sherman Act antitrust claim. After careful consideration of Count Eleven, however, it appears that the intent behind Plaintiffs' allegation is not restraint of trade but defamation. To set forth a defamation claim, "plaintiff must plead facts sufficient to identify the

defamatory words, their utterer and the fact of their publication." *Zoneraich v. Overlook Hosp.*, 514 A.2d 53, 63 (N.J. Super. Ct. App. Div. 1986). The instant allegation is not enough.  The defamatory words alleged stem from a criminal charge commenced against Plaintiff Antoine.  Based on this Court's reading of the Complaint, however, this charge was commenced by Essex County, not Defendant Valley Forge.  Since no charge was filed by Defendant Valley Forge, no action for defamation can lie under these facts as pled.

      10.    *Count Ten – "Conspiracy Charges"*

Finally, Plaintiffs bring a civil conspiracy claim.  In New Jersey, a civil conspiracy is "combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage." *Banco Popular N. Am. v. Gandi*, 184 N.J. 161, 177 (2005).  Further, "[t]he gist of the claim is not the unlawful agreement, 'but the underlying wrong which, absent the conspiracy, would give a right of action.'" *Morgan v. Union Cnty. Bd. of Chosen Freeholders*, 633 A.2d 985, 998 (N.J. Super. Ct. App. Div. 1993) (quoting *Bd. of Educ. v. Hoek*, 38 N.J. 213, 238-39 (1962)).  As discussed above, the Court finds that all other counts brought against Defendants fail to state a claim. Thus, there is no underlying wrong which, absent the conspiracy, would be actionable. Accordingly, this count also is dismissed on this basis.

## III.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED** and Plaintiffs' Complaint is dismissed in its entirety with prejudice.  Dismissal with prejudice is warranted here because it is clear from the facts alleged that Plaintiffs seek redress for Valley Forge's denial of ACS's property damage claim; however, that claim was properly denied under the "Governmental Action" exclusion.  As such, any amendment of the Complaint to develop the facts of the police raid or the denial of the insurance claim further would be futile, given the clear language of the policy. *See In re Burlington Coat Factory Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (stating that amendment is deemed "futile" where the complaint, as amended, would fail to state a claim upon which relief could be granted.").  An Order accompanies this Letter Opinion.

      /s/ William J. Martini
      **WILLIAM J. MARTINI, U.S.D.J.**